JAMIE LEE BLEDSOE NO. 06-14-00138-CR IN THE SIXTH

VS

THE STATE OF TEXAS

COURT OF APPEAL

FILED
The Court of Appeals
TEXARKANA Sixth District TEXAS

JAN 1 5 2015

Texarkana, Texas
Debra K. Autrey, Clerk

RECEIVED IN
The Court of Appeals
Sixth District

JAN 1 5 2015

Texarkana, Texas
Debra Autrey, Clerk

## APPellant, OBJection TO ANDERS BRIEF IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL AND ReQuest for NEWly APPointment of APPEAL ATTORNEY TO file BRIEF

TO: THE HONORABLE JUDGE OF SAID COURT.

NOW COMES JAMIE LEE BLEDSOE, PRO. SE AND Respectfully moves this Court to Review SAID Error, AND APPoint NEW COUNSEL TO file APPellant BRIEF.

FOR the Reason as alleged above, APPellant Will show THE Following.

(A) ON January 5th 2015, APPellant recieved a ANDERs Brief IN SuPPort Of motion TO WithDRAW AS COUNSEL filed by his APPEAL ATTORNEY.

(B) IN His Brief HE alleged Possible ISSUE in His Brief as a amicus curiae

(C) IN ISSUE NUMBER ONE he alleged that the trial Court's Warning about the dangers of self-representation did Not meet the requirements of due Process.

HE then Presented No Case Law in SUPPort of his contention, "Without any Case Law & Authorities the Court of APPeal has No Way to acknowledge the merit of the Contention made, this erroneous Omission is in violation of APPellate 6th, 5th, And 14th Amendment to the Constitution of the united State.

Page 1

The only Case Law and AUTHORITie he Presented was as a amicus Curiae.

## POSSIBLE ISSUE NO. 2

He makes a contention about the trial court err in denuing the defendant's motion to suppress evidence recovered from Appellant's motel.

He then make a contention in favor of the court concerning the invalid consent form's that was alleged at trial

A Professional Review of the Record will Clearly show a serious doubt concerning the illegal consent that was alleged at trial.

The motion to suppress Record volume 2 of 7 will clearly show Numberous deficiency; if View with Professionalism

## POSSIBLE ISSUE NO. 1

He ask the court did the defendant recieve an adequate warning about the dangers of Self representation?

He then make a Summary Argument contending that the trial court's warning about the dangers of Self-representation did not meet the requirement of due Process.

Even, that this Error have merit Provided by the Criminal Code of Procedure ART 1.051 [9] Appeal Attorney only made the Contention but cited no Case Law's or Authority.

## POSSIBLE ISSUE NO. 3.

Appeal Attorney ask the question is appellant current Sentence void because the State improperly used two Prior conviction to enhance his Possible Punishment?

Appeal Attorney then alleged in his Argument And Authorites that Mr. Bledsoe has Persistently objected to state's use two of his many Prior convictions to enhance Punishment range in this Case.

He then alleged that Bledsoe did not object to the exhibits (S X 50 and 51). when then were introduced.

Even that Bledsoe did object, the facts of a illegal or void conviction need no objection, Texas Rules.

He then cite the case Laws appellate provided, and put them in the foot note without making any argument to provide this court for review. 14th amendment due process.

## "Special Request"

Appellant request this court to review the holding in the case Laws in the foot note of State v. White, 959 s.w. 2d 375 (Tex. App. – Fort Worth, 1998; Pet. ref'd);

Webb v. State, 12 s.w. 3d 808 (Tex. Crim. App. 2000);

Waits v. State, 56 s.w. 3d 56 (Tex. App. – Fort worth, 2001, no Pet.

Campbell, vs state 49 s.w. 3d at 875

After this court review the Above cases," make their decision on the following question to wit:

## Question of Law

Did the trial court error for submitting cause no: 08;017x to the jurors for enhancement purpose, when they clearly knew it was a state Jail felony punishable under 12;35a and could not be used to further enhance another State Jail felony under 12;42s(b) for repeat and habitual offender.

In the case of Waits v State, his case is the same as Appellate, Read Discussion, and conclusion in the case

In the case of Webb v. State cited as 12.s.w.3d 808 (Tex.Crim. App. 2000 page 811 at [1] [2] [3] will show the illegality.

Webb" Supra at page 811 [2] will show where the state used their illegal scheme that the state used in Bledsoe case under there erroneously allegation at his motion for new trial. (see volume 6 of 7 motion for new Trial page 22 Line 8-21

Page 3

Penal Code Section 12.425.(b) Specificity Let the Court's Know that it takes "two felonie's" "Other" than a State Jail felony Punishable Under 12:35(a).

The record will Show that Cause no: 08:D177x was a Previous State Jail Felony Punishable Under 12:35(a) that was enhanced to a Second degree Under 12:42.(a)(2) And the State was Prohibit from Using it again for further enhancementic.

the appellate argue this fact on his motion for New trial (See volume 6 of 7 Page 23 Line 11-25 Page 24 Line 1-13

These's facts will Clearly Show that appellate Appeal Attorney has not reviewed the record with Profession Lism, therefore appellate respecfully ask this Court to make there review of the Contention's allege above and render there Correct decision on the merit. Of appellate appeal.

## PRAYER.

whenefore, Premise, Considered. Appellate Pray this Court will make there Professional review of the record Concerning the issue's above, And respecfully grant Said motion, and any other relief deem Proper.

Respecfully Submitted
Jamie Lee Bledsoe

Page 4

## Certificate of Service

I, Jamie Lee Bledsoe, hereby certify under penalty of perjury that a true and correct copy of the motion has been provided to Clerk. DEBRA K. AUTREY at 100 North State Line Avenue #20 in Texarkana, TX 75501, by placing said document in a postage-paid envelope, and mailing said envelope via United States mail this 13th day of January 2014.

Jamie Lee Bledsoe